**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIGRAN SARGSYAN; NADIA KHUDANYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72913 <br><br> Agency Nos. A075-608-437 <br> A075-582-109 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Tigran Sargsyan, a native and citizen of Armenia, and Nadia Khudanyan, a

native of Iran and citizen of Armenia, petition for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

("IJ") decision denying their applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We review de novo claims of due process violations. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding petitioners' claim that Sargsyan and his father-in-law were arrested in Armenia in April 1995, and based on the issues the agency noted with the 2001 membership letter petitioners submitted. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (inconsistency regarding "crucial date" went to heart of claim); *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (genuineness of membership documents went to heart of claim). Khudanyan's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject as contrary to the record petitioners' contentions that the agency failed to fully consider Khudanyan's explanations and failed to consider the circumstances under which they obtained the letter. Further, in light of the continuance the IJ granted, we reject petitioners' due process contentions that Sargsyan was not afforded an

opportunity to explain the inconsistencies and that petitioners were not afforded an opportunity for cross-examination with respect to the government's evidence. *See id.* at 1246 (requiring error to prevail on a due process claim). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, petitioners' CAT claims fail because they are based on the same evidence the agency found not credible, and petitioners do not point to any other evidence in the record that would compel the finding that it is more likely than not they would be tortured by or with the acquiescence of the government if returned to Armenia. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**